

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 6:15-cr-240-Orl-40GJK

GERMAIN JACKSON

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, GERMAIN JACKSON, and the attorney for the defendant, Larry B. Henderson, mutually agree as follows:

### A.    Particularized Terms

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of not more than $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100. Additionally, pursuant to 18 U.S.C. § 3014, upon conviction of Count One of the Indictment, the Court shall impose a $5,000 special assessment on any

Defendant's Initials ____

non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving sexual exploitation of minors.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

| | |
|---|---|
| First: | The defendant knowingly persuaded, induced, and enticed K.H. to engage in sexual activity, as charged; |
| Second: | The defendant used a computer and the Internet to do so; |
| Third: | When the defendant did these acts, K.H. was less than 18 years old; and |
| Fourth: | The individual engaging in the sexual activity, could have been charged with a criminal offense under 18 U.S.C. § 2251(a). |

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two, Three, and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials  ᴴ  2

5.    No Further Charges

If the Court accepts this plea agreement, the United States
Attorney's Office for the Middle District of Florida agrees not to charge defendant
with committing any other federal criminal offenses known to the United States
Attorney's Office at the time of the execution of this agreement, related to the
conduct giving rise to this plea agreement.

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to
make full restitution to K.H. Further, pursuant to 18 U.S.C. § 3664(d)(5), the
defendant agrees not to oppose bifurcation of the sentencing hearing if the
victims' losses are not ascertainable prior to sentencing.

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse
information is received suggesting such a recommendation to be unwarranted,
the United States will recommend to the Court that the defendant receive a two-
level downward adjustment for acceptance of responsibility, pursuant to USSG
§3E1.1(a). The defendant understands that this recommendation or request is
not binding on the Court, and if not accepted by the Court, the defendant will not
be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level
prior to operation of subsection (a) is level 16 or greater, and if the defendant
complies with the provisions of USSG §3E1.1(b) and all terms of this Plea

Defendant's Initials _____        3

Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.   Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a Samsung Galaxy cell phone,

serial number 358865051730996, an Apple iPad, serial number DVQHM66NDFHW, and all assets used in the commission of the offense.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is

omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed

beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

10.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's

school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## B. **Standard Terms and Conditions**

### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in

Defendant's Initials ⟶ 8

order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

### 2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or

Defendant's Initials  9

inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.    Financial Disclosures

          Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly

Defendant's Initials _____        10

authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

   6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.  Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.  Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

### 9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

### 10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if

defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

On or about September 17, 2015, the mother of a 13-year-old boy (hereinafter referred to as "K.H.") reported to law enforcement that K.H. was in an inappropriate relationship with an adult male identified as Germaine JACKSON. On September 17, 2015, K.H.'s mother transported K.H. to the Federal Bureau of Investigation (FBI), Tampa Division, Orlando Resident Agency, to be interviewed by law enforcement officers.

Defendant's Initials 𝓗 𝓭      14

## Statement of the Victim

K.H disclosed that late in August 2015, JACKSON and K.H. began chatting over Facebook and JACKSON asked K.H. how old he was. K.H. told JACKSON he was almost 14. JACKSON began joking about K.H.'s age and told K.H. that K.H. should have just said 13. K.H. explained to JACKSON he hated being 13. JACKSON continued to make fun of K.H. and asked K.H. for his telephone number. K.H. told JACKSON he would give JACKSON his telephone number if JACKSON would stop joking about K.H.'s age. JACKSON agreed and K.H. provided JACKSON his telephone number.

JACKSON and K.H. began texting over their telephones. During the conversations, JACKSON asked K.H. for pictures of his legs, feet, arms, and buttocks. K.H. sent pictures to JACKSON and JACKSON told K.H. that he had really nice skin. Throughout the conversations, JACKSON told K.H. he had feelings for K.H.: "I am not gay, but I am starting to have feelings for you." JACKSON sent K.H. a collage of pictures to include a picture of a vagina and a picture of JACKSON'S erect penis. JACKSON requested K.H. send him a picture and K.H. sent JACKSON a picture of K.H.'s buttocks while dressed in his underwear. JACKSON responded to K.H.'s picture, "you sexy as hell and I would fuck you if you was a bitch."

Throughout the month of September 2015, K.H. and JACKSON chatted over Facebook, KIK messenger, Skype, and the telephone. JACKSON and K.H. would Skype late at night while K.H. was at his residence in Orlando,

Defendant's Initials ____        15

Florida. K.H. believed JACKSON was at his residence in Jacksonville, Florida, while Skyping because K.H. could describe JACKSON'S bedroom. K.H. often chatted with JACKSON while being naked in his room. JACKSON masturbated several times while talking with K.H. On one occasion, JACKSON requested K.H. to masturbate while Skyping with K.H. At JACKSON'S request, K.H. used his cell phone (a white LG cell phone, model LGMS323, serial number 410CYTB006425, manufactured in China) to transmit via Skype a live visual depiction of K.H. masturbating until K.H. ejaculated. Once K.H. had ejaculated, JACKSON told K.H., "I would eat that shit right off you, if I was there." Thereafter, K.H. sent JACKSON a picture over Skype of his erect penis with semen on his stomach.

On or about September 6 and 13, 2015, JACKSON met K.H. in person while attending church functions in Jacksonville, Florida. During the functions, JACKSON had K.H. meet him in the bathroom several times throughout the day, where JACKSON hugged, kissed, and felt K.H.'s buttocks. JACKSON told K.H. he was 29 years old and that he (K.H.) could come live with JACKSON once K.H. turned 18.

### Statement of GERMAIN JACKSON

On September 18, 2015, JACKSON was interviewed at his residence located in Jacksonville, Florida. Prior to the interview, JACKSON was informed he was not under arrest and his participation in the interview was voluntary. The following is a summary of JACKSON'S statements:

JACKSON plays keyboard in the church band and is friends with K.H. Approximately four weeks ago, JACKSON and K.H. began to chat via Facebook. K.H. told JACKSON he had been trying to chat with him for a while and the two quickly connected over K.H.'s sexuality. K.H. is bisexual and told JACKSON he was being chastised by his mother for being "gay." JACKSON felt sorry for K.H. and the two began discussing the bisexual lifestyle. Over the course of a week or so, JACKSON started developing feelings for K.H. JACKSON told K.H. how he felt and the two began discussing their feelings, as well as their physical attraction towards each other.

JACKSON spoke with K.H. through Skype, KIK, Facebook, and text messaging. JACKSON identified his KIK and Skype accounts and provided investigators the passwords for the accounts. JACKSON and K.H. used Skype to speak to each other live. On one occasion, JACKSON and K.H. masturbated together while Skyping. K.H. masturbated until he ejaculated. JACKSON watched as K.H. masturbated and saw K.H.'s penis. JACKSON also watched K.H. ejaculate. JACKSON stated he (JACKSON) did not expose his penis on screen, but masturbated with K.H. JACKSON and K.H. chatted live through Skype approximately three times a week and usually late at night.

During JACKSON's and K.H.'s conversations on Skype, JACKSON admitted he sent a picture of a vagina and an erect penis to K.H. JACKSON stated the pictures were taken from the Internet and JACKSON did not know whose genitalia the pictures featured. JACKSON received a picture of K.H.'s

Defendant's Initials ⟨⟨⟨⟩⟩⟩          17

penis post ejaculation. JACKSON deleted the Skype Application when K.H. ran away from home. JACKSON reinstalled the application on his Samsung Galaxy cell phone and logged onto the website while investigators were present. Investigators were able to view the chats and pictures exchanged between JACKSON and K.H. The pictures described above were located in the Skype chats between JACKSON and K.H.

JACKSON acknowledged K.H. is 13 years old. JACKSON and K.H. have kissed and hugged multiple times in the bathroom of the church on September 6 and 13, 2015. While at church, JACKSON and K.H. would text each other to meet in the bathroom so they could share their affection for one another. JACKSON is aware his actions with K.H. were illegal. Prior to the end of the interview, JACKSON provided written consent for investigators to search his Samsung Galaxy cell phone (manufactured in China), Apple iPad (manufactured in China), and his Skype account. JACKSON provided investigators a Samsung Galaxy cell phone and Apple iPad which was used by JACKSON to communicate with K.H. though Skype.

### Forensic Exam of K.H.'s Cell Phone

K.H.'s mother provided investigators written consent to search K.H.'s LG cell phone.

On September 17, 2015, FBI Task Force Officer (TFO) Debra Healy conducted a forensic examination of the cell phone and provided the final report to Special Agent (SA) Kevin Kaufman. SA Kaufman reviewed the forensic

report and found some of the Skype communications between K.H. and JACKSON. Within these conversations, SA Kaufman located a collage of pictures featuring pictures of a vagina and an erect penis that were sent to K.H. via Skype on September 5, 2015, from JACKSON's Samsung Galaxy cell phone. Additionally, during a Skype conversation on September 7, 2015, K.H. sent a picture of his penis post ejaculation. SA Kaufman also found communications between JACKSON and K.H. where they talked about K.H. going to Gainesville, Florida, and visiting JACKSON at a hotel room. The following is part of the Skype conversation that occurred between JACKSON and K.H. on September 7, 2015:

- ...
- JACKSON:     I miss u so much
- K.H.:     No you don't ☹
- JACKSON:     Yes the fuck I do
- K.H.:     Lol. Ik☺☺.   Just 6 more days
- K.H.:     But I'm going to Gainesville Friday. Idk.  I feel like spending a weekend there or sum
- JACKSON:     Who will u stay with
- K.H.:     Idk.Either Xxx house or missionary Xxxxx.  I gotta ask
- JACKSON:     Go to Xxxxx
- K.H.:     Okkayyy bhhaee
- K.H.:     Lol. Y??

- JACKSON: So I can stay there if I get a room u gonna come over

- K.H.: Lol. In the room with you? ☺☺☺☺☺

- K.H.: Yessss

- JACKSON: Hotel room

- …

The above described pictures viewed on K.H.'s LG cell phone were the same pictures SA Kaufman observed while viewing JACKSON'S Samsung Galaxy cell phone during his interview. JACKSON admitted to sending images of a vagina and erect penis to K.H. and receiving the image of K.H.'s penis post ejaculation.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _24th_ day of June, 2016.

A. LEE BENTLEY, III
United States Attorney

GERMAIN JACKSON
Defendant

Ilianys Rivera Miranda
Assistant United States Attorney

Larry B. Henderson
Attorney for Defendant

Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials ___        21